UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**************************************************************

|  |  |  |
|---|---|---|
| JAMES G. ABOUREZK,<br>    Plaintiff, | )<br>)<br>) | Civ. No. 03-4146 |
| | )<br>) | |
| vs. | )<br>) | **PLAINTIFF'S**<br>**RESPONSE TO DEFENDANTS'**<br>**RULE 12(b)(6) MOTION TO**<br>**DISMISS** |
| PROBUSH.COM, INC., a<br>Pennsylvania corporation, and<br>MICHAEL MARINO, an<br>individual | )<br>)<br>)<br>) | |
| | )<br>) | |
| Defendants, | )<br>) | |

**************************************************************

COMES NOW the Plaintiff, James G. Abourezk, through his attorney of record, who asks this Court to reject the Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6).

### Standard of Review

Rule 12(b)(6) allows for dismissal of a claim if the petitioner fails to state a claim upon which legal relief can be granted. The standard of review for a motion to dismiss under the Rule 12(b)(6) requires this court to determine whether the petitioner states any valid claim for relief when viewed in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's favor. It is the Plaintiffs' contention that the following response resolves any such doubt in

Plaintiff's favor and that the case should move beyond this stage into discovery for

further factual development.

Additionally, the Defendants' brief clearly sets forth the standard of review

in libel cases such as this. Citing from their brief,

> "[A] complaint may not be dismissed for failure to state a claim unless it
> appears beyond doubt that the plaintiff can prove no set of facts
> demonstrating that he is entitled to relief. See Springdale Educ. Ass'n v.
> Springdale Sch. Dist., 133 F. 3d 649, 651 (8th Cir. 1998); Milkovich v.
> Lorain Journal Co., 497 U.S. 1, 21 (1990); (holding that threshold
> constitutional inquiry in defamation cases is whether statement is
> "sufficiently factual to be susceptible of being proved true or false"); Dodds
> v. American Broadcasting Co., Inc., 145 F.3d 1053, 1065 (9th Cir. 1998)
> (explaining that a court may properly determine whether a statement is
> fairly susceptible of defamatory meaning on motion to dismiss for failure to
> state a claim); Weyrich v. The New Republic, Inc., 235 F.3d 617, 624
> (D.D.C 2001) (same)." Plaintiff's brief at 3

It is the Plaintiff's contention that there are significant factual issues that

demonstrate Senator Abourezk has been personally libeled by the actions of

ProBush.com. Therefore, the only issue presented to the court now is whether the

facts support an argument that Senator Abourezk could have been libeled within

the current jurisprudence of the First Amendment.

## The Facts As Developed Support Abourezk's Claims

The Defendants argue that their webpage is simply a parody and therefore

is protected speech under a litany of cases. Most specifically, the Defendants cite

Old Dominion Branch No. 496, National Ass'n of Letter Carriers, AFL CIO v.

Austin, 418 U.S. 264, 286-87 (1974), ([U]se of words like 'traitor' cannot be

construed as representations of fact.); Hustler Magazine v. Falwell, 485 U.S. 46

(1988).  (Parody of public official protected speech even if false, provided that it is

not done with actual malice); and <u>Milkovich v. Lorain Journal Co.</u>, 497 U.S.

1(1990) (First Amendment-based protection for defamatory statements that are

categorized as 'opinion' as opposed to 'fact.').  The following sections show that

this argument is not supported by the facts at hand and that these cases are actually

supportive of the Plaintiff's claims.


### 1. ProBush.com is not Parodying Senator Abourezk

ProBush.com argues that they are simply parodying the many individuals

on the Traitor List™.  They state in their brief that they do not "claim these

individuals are legal traitors."  Defendants' brief at 15.  The essence of the

Defendants' argument is that ProBush.com is simply editorializing and parodying

the individuals on the Traitor List™.

The problem with this argument is that ProBush.com bases its conclusion

that all individuals on the Traitor List™ are legal traitors through the rhetorical use

of a syllogism, where they start with the legal definition of traitor[1].  From this

point, they move through to the more specific requirement that one support

President Bush[2], and then to the conclusion that everyone on the list who does not

---

[1] Treason:  Violation of allegiance toward one's country or sovereign, especially the betrayal of one's country by waging war against it or by consciously and purposely acting to aid its enemies.  Probush.com http://www.probush.com/traitor.htm.

[2] Traitor: If you do not support our President's decisions you are a traitor . Probush.com http://www.probush.com/traitor.htm.

support President Bush is legally a traitor[3]. (To put the Defendants' syllogism mathematically, *Actual Definition of Traitor + Lack of Support for President Bush = Actual Traitor*.) Since ProBush.com starts with the commonly used legal definition of traitor, not the colloquial definition referred to in their brief[4] as the foundation for their argument, the Defendants must logically then be claiming that everyone on the list is legally a traitor. Basic logic demands this conclusion, regardless of ProBush.com's claims and protestations to the contrary.

Furthermore, if the Defendants were honestly parodying the patriotism of Senator Abourezk by using the colloquial definition of the word traitor, the question remains why they would choose to use the "legal" definition of the word "traitor." The Plaintiff understands that there is a colloquial definition and use of the word "traitor" that can **and should** be considered protected speech and therefore is not libelous. However, the facts simply do not support the argument that ProBush.com is engaging in this type of usage.

The Defendants also argue that no reasonable person could take ProBush.com's webpage seriously. "No reasonable person could understand such a definition as actually contending as a factual matter that every person in the United States who disagrees with decisions made by President Bush is guilty of

---

[3] Get to Know Your Traitor! (as noted on the Defendants' website).

[4] "Indeed, while the term 'traitor' can be used to refer to someone who has committed the actual crime of treason against the United States, the more common dictionary definition of the term is 'one who betrays another's trust or is false to an obligation or duty.' Citing Webster's New Collegiate Dictionary at 1239 (G.& C. Merriam Co. 1976). Clearly, the use of the term 'traitor' on this particular website is intended as figurative and vitriolic political criticism." Defendants' brief at page 15.

committing the criminal offense of treason." Defendants' brief at page 16. This argument is completely undermined by the inclusion onto the Traitor List™ of people who have actually been accused or convicted of crimes against their country or particularly heinous crimes. (These include John Walker Lindh[5], Mumia Abu-Jamal[6], and the Beltway Snipers[7]). ProBush.com's attempt to paint themselves as innocent young pamphleteers engaging solely in protected political/opinionated speech is simply not supported by the fact that they are calling Senator Abourezk a legal traitor and that they are including him onto a list with individuals who many reasonable people may feel are legal traitors or criminals. It should be noted that in a sign that ProBush.com may be trying to cover its tracks since the filing of this lawsuit, all individuals convicted or accused of crimes have been removed from the Traitor List™.

Furthermore, ProBush.com's claim that they engage simply in political/opinionated speech is belied by the fact that they threaten people with inclusion onto the Traitor List™. In an open letter posted on the front page of ProBush.com, the editors of ProBush.com threaten Dave Matthews, the lead singer of a popular music band, with inclusion on the list if he does not change his mind regarding United States policies.

In opening, the letter states:

---

[5] John Walker Lindh pleaded guilty to supplying services to the Taliban and carrying an explosive during commission of a felony.
[6] Mumia Abu-Jamal was convicted in 1982 for the killing of a police officer.
[7] Beltway Snipers, John Allen Muhammad and Lee Malvo are currently being tried for the sniper style killing spree in and around Washington DC.

5

**A Disappointing Message for Dave**

Dave I have to admit that I'm extremely disappointed in your speaking out against the President and addressing his policy as "un-American". While your actions certainly classify worthy of being added to the traitor list, in our great respect for your music and lyrics, we will postpone your being added to the traitor list.

See http://www.probush.com/message_for_dave.htm

Unlike political speech, threats and fighting words are not protected because they do not contain any exposition of ideas.  The United States Supreme Court held in Chaplinsky v. State of New Hampshire, 315 U.S. 568 (1942) that:

> There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which has never been thought to raise any Constitutional problem.  These include the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words--those which by their very utterance inflict injury or tend to incite an immediate breach of the peace. It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality.

Chaplinsky at 571

ProBush.com's threatening speech is not limited to Dave Matthews.  At the end of the above-noted syllogism is the very troubling statement, "Get to know your traitor!"  If the people on the list were **actually** legal traitors, this would be protected expression under Greenbelt Cooperative Publishing Association v. Bresler, 398 U.S. 6 (1970)  (Liability inappropriate when Defendants were reporting accurate and truthful reports of what had been said at a public hearing.) Greenbelt at 12. However, since Senator Abourezk is provably not a legal traitor, the statement can very easily be seen as a call to arms with the express purpose of

6

tarnishing his reputation and business.  See Exhibit A, Abourezk Affidavit,

attached hereto and incorporated herein.  In other words, this is a modern form of

McCarthyism and blacklisting.  Muddying the context by placing actual criminals

and formally indicted people on to the list and threatening individuals to think like

the President or else face blacklisting makes this libelous speech clearly within the

plain meaning of SDCL 20-11-3.  SDCL 20-11-3 states:

> "Libel is a false and unprivileged publication by writing, printing, picture,
> effigy, or other fixed representation to the eye which exposes any person to
> hatred, contempt, ridicule, or obloquy, or which causes him to be shunned
> or avoided, or which has a tendency to injury him in his occupation."

## 2. ProBush.com's Disclaimer is a Late Comer and is Meaningless

The Defendants also point to the fact that The Traitor List™ currently has a

disclaimer.  Defendants' brief at 14.  However, the Plaintiff and his counsel believe

this disclaimer was not added until on or about June 6, 2003 and has been made

larger over time in what appears to be a blatant attempt by ProBush.com at

covering their tracks.  *See* Exhibit B, *infra.*  The disclaimer currently reads,

*\*Parody. Not to be taken seriously. These "traitors" are not legal "traitors" of the*

*United States.*  Regardless, this disclaimer, unlike the syllogism itself, which is in

bold characters and set off in both Black and Red, is both in a smaller font and

italicized—thereby making it difficult to read.  The addition of the disclaimer

seems to amount to a late attempt at rectifying what the Defendants knew to be

libelous conduct.  This disclaimer was not present when the Plaintiff and his

counsel first found out about the site.  See Exhibit B, Epp Affidavit, attached

hereto and incorporated herein.


**3.  Reasonable People could believe Defendants' factually incorrect speech.**

The Defendants argue their speech could not be interpreted by a reasonable

person as being true, and therefore should be controlled by the holdings in both

Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 50 (1988) (parody could not

reasonably have been interpreted as stating actual facts about the public figure

involved.) and Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990).  (Statement of

opinion relating to matters of public concern that does not contain a provably false

connotation will receive full constitutional protections.)

In several important ways, these cases do not benefit the Defendants.  First,

Hustler related to the lampooning of a religious official in a pornographic

magazine.  The parody was based on an advertisement for Campari liqueur that

contained the name and picture of the religious figure Jerry Falwell and was

entitled "Jerry Falwell Talks about His First Time."  Hustler at 48.  The parody

was modeled after actual Campari ads that included interviews with various

celebrities about their "first times."  The intent of the ads was ostensibly to refer to

the first time the celebrity had drank Campari liqueur. Hustler at 48  The double

meaning was obviously being the first time Rev. Falwell engaged in sex (and that

first time was with his mother).  Unlike this case, the context of the parody and the

content of the message were **obviously opinion**.  Hustler at 50.  Furthermore, the

intent of Hustler's editors was not to actually claim that Jerry Falwell was legally

guilty of the crime of incest. Hustler at 46. Rather, they intended to call him a

hypocrite. Hustler at 48. In the alternative, had the editors of Hustler ran a piece

in their magazine that made a **factual** claim that Falwell indeed had a sexual

relationship with his mother and they then knowingly published this falsehood,

the Court likely would have recognized an actionable complaint per the "actual

malice" standard set forth in New York Times v. Sullivan. It is the Plaintiff's

position that this is the situation before the court in this action.

## 4. ProBush.com Published Factually Incorrect Claims with Actual Malice

New York Times v. Sullivan, 376 U.S. 254 (1964) requires that a public

figure prove actual malice—that is with knowledge that the claim was false or

with reckless disregard of whether it was false or not. Sullivan at 280

> Since New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11
> L.Ed.2d 686 (1964), we have consistently ruled that a public figure may
> hold a speaker liable for the damage to reputation caused by publication of
> a defamatory falsehood, but only if the statement was made "with
> knowledge that it was false or with reckless disregard of whether it was
> false or not." Id., 376 U.S., at 279-280, 84 S.Ct., at 726.

Hustler at 52.

Mr. Marino admitted to South Dakota Public Radio on June 3, 2003 that he knew

prior to publication that Senator Abourezk **was not** a legal traitor.[8]

Our – our defense in, you know, saying that it is a satire and it is a parody is

---

[8] The Plaintiff does not concede at this time that Senator Abourezk is a public figure.
However, the Plaintiff argues that even under the more stringent public figure/public
official standard, the Defendants have still libeled him.

> that of course we don't believe that these people are traitors to the United
> States. I mean that's a – that's a factual – that's just a factual event. There is
> – there is no traitorous activity on their behalf.
> South Dakota Public Forum, June 3, 2003

Yet knowing that Senator Abourezk was not a legal traitor, Mr. Marino branded

him as such and then placed his name on the Traitor List™ with other individuals

he does not agree with or like. As noted previously, to create the illusion that

these people were actually legal traitors Mr. Marino included known criminals on

the Traitor List™.

Additionally, the claim that Senator Abourezk is a legal traitor is

demonstrably false. The attached affidavit by Senator Abourezk shows that he has

never been convicted of the crime of treason per 18 USC § 2381 and has sworn

many oaths of allegiance to the United States Constitution.


**Conclusion**

This case is not about protecting the right of ProBush.com and Mr. Marino

to say ridiculous or impolite things. It is about libel and standing up to individuals

who are attempting to blacklist Americans for exercising their protected and

**patriotic** right to speak out against their President. ProBush.com has called

Senator Abourezk a legal traitor. They have employed the actual legal definition

of Traitor on their webpage, and they have included onto the Traitor List™ well-

known criminals. They use the Traitor List™ as a threat to hold over individuals'

heads until they come around to seeing things the President's way, and they have a

call to arms so that individuals listed on the Traitor List™ will be recognized and

shunned by their communities.  They have further attempted to make their claims

look authentic with the TM symbol.  Therefore, the Defendants' motion to dismiss

should be rejected and this case allowed to proceed.

Dated this 20th day of August, 2003.

ABOUREZK LAW OFFICES, P.C.

Todd D. Epp, Esq. (South Dakota Bar
#2700)
*Of Counsel*
PO Box 1164
401 E. 8th St., Ste. 321
Sioux Falls, SD  57101-1164
(o) 605.334.8402 (f) 605.334.9404
(email) **tdepp@aol.com**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS** was deposited in the United States mail, postage prepaid and faxed, on the 20th day of August, addressed as follows:

JOHNSON, HEIDEPRIEM, MINER,
MARLOW & JANKLOW, L.L.P.
Ronald A. Parsons, Jr.
Jon K. Lauck
P.O. Box 1107
Sioux Falls, SD 57101-1107

(o) 605.338.4304

Attorneys for Defendants


Todd D. Epp

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
### SOUTHERN DIVISION

JAMES G. ABOUREZK,

                Plaintiff,

        --v--

PROBUSH.COM, INC, a Pennsylvania corporation,
And MICHAEL MARINO, an individual

                Defendants.

Civ. No. CIV03-4146

**AFFIDAVIT OF**
**JAMES G. ABOUREZK**

COMES NOW the Plaintiff, James G. Abourezk, with an affidavit in the above captioned matter.

Under oath, your affiant states and affirms the following:

1.     I am over the age of 18 and understand that I am under oath.

2.     I am the Plaintiff in the above-noted matter.

3.     I have never been accused of, charged with, or convicted of the crime of treason by any state or by the United States of America.

4.     On numerous occasions as a sailor, Congressman, Senator, and attorney, I have sworn to uphold the laws and Constitution of the United States of America.



PLAINTIFF'S
EXHIBIT
A

Dated this 20th day of August, 2003.

James G. Abourezk
Abourezk Law Offices, PC
PO Box 1164
401 E. 8th St., Ste. 321
Sioux Falls, SD  57101-1164

County of Minnehaha:

     :SS

State of South Dakota:

## NOTARY

On this the 20th day of August, 2003, the affiant, James G. Abourezk, personally appeared before the undersigned officer and signed the foregoing instrument in my presence.

Dated this 20th day of _August_, 2003.

Notary Public

My Commission expires: 9-8-04

(seal)    **TODD D. EPP**
    **NOTARY PUBLIC**
   (SEAL) **SOUTH DAKOTA** (SEAL)

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

JAMES G. ABOUREZK,                                    Civ. No. CIV03-4146

                    Plaintiff,
                                              **AFFIDAVIT OF**
                                              **TODD D. EPP**

        --v--

PROBUSH.COM, INC, a Pennsylvania corporation,
And MICHAEL MARINO, an individual

                    Defendants.


        COMES NOW Attorney Todd D. Epp, attorney for the Plaintiff, James G.
Abourezk, with an affidavit in the above captioned matter.

        Under oath, your affiant states and affirms the following:

1.      I am over the age of 18 and understand that I am under oath.

2.      I am the attorney for the Plaintiff in the above-noted matter.

3.      On or about April 22, 2003, I became aware of the probush.com website

        from my client, James G. Abourezk.  I browsed the website and

        discovered that Senator Abourezk as well as a number of other prominent

        Americans were listed on the site's "Traitors List."

4.      Upon my initial viewing of the website, it is my recollection that I did not

        see a "disclaimer" that said that the "Traitors List" was a parody or that

        the Senator and others on the list were not "legal" traitors to the United

        States of America.



PLAINTIFF'S
EXHIBIT
B

5.    From on or about April 22, 2003 until drafting and filing the above action
on behalf of my client on May 27, 2003 with this Court, I periodically did
check the probush.com website for updates to the "Traitors List". It is my
recollection that I did not see a prominent "disclaimer" on the site
concerning the "Traitors List" during this time.

Dated this 20th day of August, 2003.

Todd D. Epp
Of Counsel
Abourezk Law Offices, PC
PO Box 1164
401 E. 8th St., Ste. 321
Sioux Falls, SD 57101-1164

Attorney for Plaintiff

County of Minnehaha:

                      :SS

State of South Dakota:

## NOTARY

On this the 20th day of August, 2003, the affiant, Todd D. Epp, personally appeared before the undersigned officer and signed the foregoing instrument in my presence.

Dated this ___20[th]___ day of ___August___, 2003.



_____
Notary Public

My Commission expires: 1-19-07

(seal)

```
+++++++++++++++++++++++++++
  MONICA J. JOHNSON
  (SEAL) NOTARY PUBLIC (SEAL)
         SOUTH DAKOTA
+++++++++++++++++++++++++++
```