UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JAMES G. ABOUREZK, | ) |
| | ) Civ. No. 03-4146 |
| Plaintiff, | ) |
| | ) **DEFENDANT PROBUSH.COM, INC.'S** |
| vs. | ) **REPLY BRIEF IN SUPPORT OF ITS** |
| | ) **RULE 12(b)(6) MOTION TO DISMISS** |
| PROBUSH.COM, INC., a Pennsylvania corporation, and MICHAEL MARINO, an individual, | ) |
| | ) |
| Defendants. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant ProBush.com, Inc. respectfully submits its Reply Brief in Support of Its Rule 12(b)(6) motion to dismiss. The motion is further supported by the Second Affidavit of Michael Marino, filed in his capacity as President of ProBush.com, Inc.

## REPLY ARGUMENT

**I.   THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

The Plaintiff's response to the Defendant's motion to dismiss is unpersuasive. The Plaintiff has made several arguments in his response. None address the relevant First Amendment precedent in any detail. First, in a section entitled "ProBush.com is not Parodying Senator Abourezk," the Plaintiff asserts that the ProBush.com website is not protected parody or partisan political hyperbole, because "ProBush.com bases its conclusion that all individuals on the Traitor List™ are legal traitors through the rhetorical use of a syllogism, where they start with the legal definition of a traitor." Plaintiff's Brief at 3. This assertion is inaccurate. First, the ProBush.com website does *not* assert that the individuals on the "Traitor List™" are "legal traitors." In fact, it expressly states the

opposite, informing the reader who has made his or her way to this partisan political website intended to express political support for President Bush that this is a ""*Parody. Not to be taken seriously. These 'traitors' are not legal 'traitors' of the United States, although we wish they were." Indeed, throughout his brief, the Plaintiff repeatedly makes the assertion that the ProBush.com website refers to Senator Abourezk as a "legal traitor" when precisely the opposite is true. As the United States Court of Appeals for the Eighth Circuit has explained, "[a] plaintiff cannot 'choose what meanings to attach to . . . statements where several are available.'" *Campbell v. Citizens for an Honest Government, Inc.*, 255 F.3d 560, 567 (8th Cir. 2001) (quoting *Price v. Viking Penguin, Inc.*, 881 F.2d 1426, 1444 (8th Cir. 1989)).

Second, nowhere on the website does any purported "syllogism" identified by the Plaintiff "start with the legal definition of a traitor." Again, quite to the contrary, the website contains a dictionary definition of "treason," and provides its own political definition of the term "traitor," as being those persons "who do not support our President's decisions." At any given time, it is likely that a majority of the American people will not support all of the decisions made by the President of the United States. No reasonable person could understand this definition and the accompanying "Traitor List" of movie stars, musicians, politicians, and other public figures as indicating that all persons who do not support the President's decisions are guilty of violating a federal criminal statute. *See, e.g., Phantom Touring, Inc. v. Affiliated Publications*, 953 F.2d 724, 729 (1st Cir. 1992) (explaining that even where allegation of deliberate deception might be provable as true or false, "[t]he sum effect of the format, tone and entire content of the articles is to make it unmistakably clear that [the author] was expressing a point of view only," rather than "stating 'actual facts' about [the plaintiff's] honesty").

The Plaintiff proceeds to construct a "mathematical syllogism" purporting to represent the message conveyed by the website, stating that "basic logic demands the conclusion" that "the Defendants must logically then be claiming that everyone on the list is legally traitor." Although the syllogism itself has no resonance, that is beside the point. The reasonable reader of the ProBush.com website does not attempt to construct mathematical syllogisms in order to interpret the message being promoted. Instead, the reasonable reader, including Senator Abourezk, readily understands that he has logged on to a partisan political website intending to support President Bush and to sharply criticize, ridicule, and lampoon those who are perceived as opposing him.

Next, the Plaintiff points to "A Disappointing Message for Dave," an open letter posted on the ProBush.com website to musician and singer Dave Matthews of the Dave Matthews Band, in which Mr. Matthews is informed that he would have been added to the "Traitor List" for "speaking out against the President and addressing his policy as 'un-American,'" something "worthy of being added to the traitor list," but that his inclusion would be postponed out of the website's "great respect for your music and lyrics." The Plaintiff apparently believes that this posting supports his contention that a reasonable reader would not understand that the ProBush.com website constitutes a partisan political statement, rather than a list of persons actually guilty of violating 18 U.S.C. §2381, a statute which, though consistently invoked by the Plaintiff, also appears nowhere on the website. In fact, this letter demonstrates the opposite of the Plaintiff's contention. It confirms that the "Traitor List" is a tongue-in-cheek political attack from which one may be granted temporary immunity for producing cool, popular music of which the website approves.

Next, the Plaintiff states in his brief:

> The Defendants also point to the fact that The Traitor List™ currently has a disclaimer. Defendants' brief at 14. However, the Plaintiff and his counsel believe this disclaimer was not added until on or about June 6, 2003 and has been made

> larger over time in what appears to be a blatant attempt by ProBush.com at covering their tracks.

Plaintiff's Brief at 7. This accusation is accompanied by an Affidavit by Plaintiff's Counsel that states that he discovered the ProBush.com website on April 22, 2003, and that he never saw the disclaimer until after the complaint had been filed.

The Plaintiff's assertion in this regard is not true. On April 10, 2003 at 2:53 PM, "Todd D. Epp" sent the following e-mail to "TeamLeader@probush.com; webmaster@probush.com' Tdepp@aol.com":

> Please be advised that I represent former U.S. Senator James Abourezk. <u>On our [sic] about April 9, 2003</u>, he discovered that he was called a traitor on your website, probush.com. . . .
>
> . . .
>
> <u>My client also realizes that you have attempted to place a "disclaimer" on the site</u>. One cannot simply label defamatory statements a "parody" and then escape the consequences of the statements made.

Second Affidavit of Michael Marino, Ex. A (emphasis supplied). On May 8, 2003, Plaintiff's Counsel sent the following letter by certified mail to ProBush.com on the letterhead of Abourezk Law Offices:

> Please be advised that I represent former U.S. Senator James Abourezk. <u>On or about April 9, 2003</u>, he discovered that he was called a traitor on your website, probush.com. . . .
>
> . . .
>
> <u>Though you have attempted to "disclaim" this defamation, it is my opinion that this attempted "disclaimer" is ineffective and meaningless</u>.

Second Affidavit of Michael Marino, Ex. B (emphasis supplied). As the April 10, 2003 e-mail and May 8, 2003 certified letter demonstrate, the disclaimer has been on the "Traitor List" since its inception, with the changes detailed in the First Affidavit of Michael Marino, and the Plaintiff

-4-

obviously saw the disclaimer when he first viewed the website on April 9, 2003, since his attorney specifically referred to it in his e-mail of the following day.

In any event, even if the "Traitor List" had not included an express disclaimer, no reasonable person could fail to understand that the ProBush.com's website constituted nothing more than a partisan rhetorical hyperbole directed against those aligned against President Bush. As the Supreme Court expressly held in *Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers, AFL CIO v. Austin*, "use of words like 'traitor' cannot be construed as representations of fact," and it is "impossible to believe" that anyone would have understood such hyperbole "to be charging the appellees with committing the criminal offense of treason." 418 U.S. 264, 284-85; *see also Lundell Mfg. Co., Inc. v. American Broadcasting Companies, Inc.*, 98 F.3d 351, 359 (8th Cir. 1996) ("Thus, if no reasonable jury could conclude that the statement was a false statement of material fact, the libel defendant is protected from a defamation suit"). The Defendant respectfully suggests that this case is controlled and resolved by the *Letter Carrier* decision, as well as *Greenbelt Cooperative Publishing Ass'n v. Bresler*, 398 U.S. 6 (1970), *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 50 (1988), and their progeny. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, (1990) (explaining that "the *Bresler-Letter Carriers-Falwell* line of cases provides protection for statements that cannot 'reasonably [be] interpreted as stating actual facts' about and individual" because "[t]his provides assurance that public debate will not suffer for lack of 'imaginative expression' or the 'rhetorical hyperbole' which has traditionally added much to the discourse of our Nation").

Finally, the Plaintiff asserts that the Defendant ProBush.com "published factually incorrect claims with actual malice," citing to *New York Times v. Sullivan*, 376 U.S. 254 (1964). As his support for this assertion, the Plaintiffs travels outside of the record and cites to a statement purportedly made on South Dakota Public Radio as constituting some sort of admission. First, for

clarification purposes, Michael Marino has never appeared on South Dakota Public Radio. His older brother, Benjamin, granted the interview. Second, the quote from the interview does nothing more than confirm that the website is intended as partisan criticism, ridicule, and political parody. Most importantly, even were the Plaintiff's claim not barred under the *Bresler, Letter Carriers, Falwell* line of cases, it is impossible for a value judgment, such as labeling a large group of celebrities as "traitors" for opposing or disagreeing with President Bush, to qualify under the "actual malice" standard. That standard requires a false statement of fact made with "knowledge that the statement was false or with reckless disregard as to whether or not it was true." *Falwell*, 485 U.S. at 56. ProBush.com asserts its belief that those who oppose or disagree with President Bush's decisions should be considered disloyal. The Plaintiff, on the other hand, asserts his belief that it is his patriotic duty to express his disagreement and opposition with President Bush and his policies. Neither of these competing value judgments is capable of being proved objectively true or false. *See, e.g., Gray v. St. Martin's Press, Inc.*, 221 F.3d 243, 248 (1st Cir. 2000) (explaining that statements are not actionable where "it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts . . ."). As such, it is impossible for the Plaintiff to demonstrate that ProBush.com acted with "actual malice," when it expressed its belief that Senator Abourezk, Whoopi Goldberg, Alec Baldwin, Barbra Streisand, Vice President Gore, Patch Adams, and the Dixie Chicks and dozens of other celebrities should be considered "traitors" for expressing disagreement with the President's decisions. *See Mercer v. City of Cedar Rapids*, 308 F.3d 840, 850 (8th Cir. 2002) (explaining that "[t]he First Amendment's culpability requirement 'ensure[s] that debate on public issues remains uninhibited, robust, and wide-open'").

The Plaintiff's conclusion is quite revealing. This case, the Court is told, is about "standing up to individuals who are attempting to blacklist Americans for exercising their protected and **patriotic** right to speak out against their President." Plaintiff's Brief at 10 (emphasis in original). This is in accord with the Plaintiff's earlier reference in the brief and in press statements to what he has labeled a battle against the "New McCarthyism." This is simply not the proper substance of a lawsuit. This is, rather, a political campaign filed by the Plaintiff in United States District Court.

Freedom of expression is the first principle of human liberty. "[T]he freedom to speak one's mind is not only an aspect of individual liberty—and thus a good unto itself—but also is essential to the common quest for truth and the vitality of society as a whole." *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 503-04 (1984). The Plaintiff has every right "to speak out against [his] President." He has done so vigorously and unabashedly throughout his more than 25 years in the public eye. *See* First Affidavit of Marino, Exs. Exs. D, E, F, G, H, and I. When he does, however, he can expect responsive criticism that is often harsh, vitriolic, and even unfair from those who disagree with him. That is part of the process of democracy. All voices, even those considered insulting or disrespectful, are permitted to contribute to the debate. The Defendant respectfully suggests that the "marketplace of ideas," and not the federal courts, is the proper arena for such political and ideological engagement. The First Amendment requires nothing less.

## CONCLUSION

As detailed in the Defendant's initial brief, the Supreme Court's line of First Amendment cases in *Bresler*, *Letter Carriers*, *Hustler*, and *Milkovich*, provide absolute constitutional protection in these circumstances, where no person could reasonably interpret the website as anything other than caustic parody, partisan "rhetorical hyperbole," and protected political speech.

WHEREFORE, Defendant ProBush.com, Inc. respectfully requests that this Honorable Court grant its Motion to Dismiss.

Dated this 8th day of September, 2003.

JOHNSON, HEIDEPRIEM, MINER,
MARLOW & JANKLOW, L.L.P.

By /s/ R.A. Parsons
Ronald A. Parsons, Jr.
Jon K. Lauck
P.O. Box 1107
Sioux Falls, SD 57101-1107
(605) 338-4304

*Attorneys for Defendant ProBush.com, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of **Defendant ProBush.com, Inc.'s Reply Brief in Support of Its Rule 12(b)(6) Motion to Dismiss** was on this day sent via first class mail, postage prepaid, to the following:

Todd D. Epp
Of Counsel
Abourezk Law Offices, P.C.
P.O. Box 1164
Sioux Falls, SD 57101-1164

*Attorneys for the Plaintiff*

Dated this 8th day of September, 2003.

/s/ R.A. Parsons
Ronald A. Parsons, Jr.
