UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

MAR 17 2004

~~Clerk~~

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| JAMES G. ABOUREZK, | \* | |
| | \* | |
| Plaintiff, | \* | CIV. 03-4146 |
| | \* | |
| vs. | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| PROBUSH.COM, INC., a Pennsylvania | \* | |
| corporation, and MICHAEL MARINO, | \* | |
| an individual, | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Doc. 3, and a Motion for Leave to File a Brief Amicus Curiae, Doc. 7. Both parties have fully briefed the Motion to Dismiss. The Motion to Dismiss is denied for the reasons set forth herein.

Neither party has opposed, nor responded in any way, to the Motion for Leave to File a Brief Amicus Curiae. The amicus brief is submitted by the Electronic Frontier Foundation and Professor Eugene Volokh and is in support of the Motion to Dismiss. The Court will grant the Motion for Leave to File a Brief Amicus Curiae.

## BACKGROUND

Plaintiff James G. Abourezk is an honorably discharged veteran of the United States Navy, a former United States Representative, and a former United States Senator. (See Complaint, ¶10.) Abourezk has publicly and actively opposed the Bush Administration's military policies and the war in Iraq. (See Marino Aff., Ex. D, E, F, G, H and I.) He signed the "Not in Our Name" petition which stated that its signatories were opposed to the military actions taken by the Bush administration subsequent to September 11, 2001. (See Marino Aff., Ex. D.) The petition was

signed by over one hundred persons, including Abourezk. (Id.) The petition was printed in the New York Times, Los Angeles Times, and USA Today in Fall 2002. (Id.) In addition, Abourezk is listed as a contact person for the Bipartisan Group of Former U.S. Senators, which has publicly opposed the war in Iraq. And Abourezk has authored published articles questioning the Bush Administration's decision to invade Iraq. (See Marino Aff., Ex. E, F, G, H and I.)

Defendant ProBush.com, Inc. owns and operates an Internet website located at www.probush.com. Michael Marino is the President of the corporation, and is editor and publisher of the website. (See Complaint at ¶3.) The ProBush.com website expresses and encourages support for President George W. Bush. (See Marino Aff., ¶8.) The website contains links to other pages on the website. Two of these links are labeled the "Patriot List" and the "Traitor List." The "Patriot List" page states a definition of "patriot", and then contains two lists of people. First, are those who appear to have voluntarily added their names to the "Patriot List" as supporters of President Bush. Second, is a list of "honorary patriots" that includes the names of celebrities and political figures who presumably support President Bush. (See id., Ex. B.)

The "Traitor List" page begins with what appears to be a dictionary definition of the word "treason." (See id., Ex. C.) It then provides the website's definition of "traitor," stating: "Traitor: If you do not support our President's decisions you are a traitor." (Id.) The page also states: "*Parody. Not to be taken seriously. These 'traitors' are not legal 'traitors' of the United States."[1]

---

[1] According to Defendants, at the time the Plaintiff's Complaint was filed this disclaimer appeared at the bottom of the "Traitor List" page. Defendants moved this disclaimer to the top of the website page "Traitor List" in May 2003. Defendants state that a previous version of the disclaimer included the additional phrase, "though we wish they were." (See Marino Aff., ¶11.)

Plaintiff claims that this disclaimer was not present when he first discovered his name on Defendants' website. (See Plaintiff's Response, page 7-8.) Therefore, Plaintiff states that the disclaimer is a late attempt to rectify Defendants' libelous conduct. (Id.) Defendants, however, provide a copy of an e-mail and a letter from the Plaintiff's attorney to Defendants in which the attorney specifically discusses the disclaimer. (See Second Marino Aff., Ex. A and B; Epp Aff., ¶3-5.)

The "Traitor List" is comprised of the names and photographs of celebrities, politicians and public persons who presumably do not support President Bush or his decision to authorize military action in Iraq. (See Defendant Brief in Support of Motion to Dismiss, at 4.)  There are over one hundred names on the "Traitor List," including Susan Sarandon, Senator John Kerry, Senator Ted Kennedy, Madonna, and Senator Hillary Rodham Clinton.  (See Marino Aff., Ex. C.)  Plaintiff James Abourezk's photograph and name appear on the "Traitor List."  (Id.) According to the Defendants, Abourezk's name and photograph were added to the list on approximately January 2003 because he was a signatory to the "Not in Our Name" petition. (See Marino Aff., ¶9 and Ex. D.)  Abourezk has never been charged or convicted of the crime of treason. (See Abourezk Aff., ¶3.)

Plaintiff brings a claim of libel pursuant to SDCL § 20-11-3 stating that the Defendants' website makes a defamatory false statement by calling Plaintiff a traitor.[2]  Plaintiff states that the statement is libelous per se because it accuses the Plaintiff of a crime he did not commit. Furthermore, Plaintiff contends that the statement is intended to injure the Plaintiff's profession and standing in the community.  Consequently, the Plaintiff requests actual damages in the amount of $2 million, punitive damages in the amount of $3 million, costs and attorney's fees, and removal from Defendants' website of any reference to Plaintiff.  This claim was brought in federal court pursuant to diversity jurisdiction granted under 28 U.S.C. § 1332.

Defendant ProBush.com brings a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) claiming that the Plaintiff fails to state a claim upon which relief can be granted.  The Defendant argues that the First Amendment protects political statements such as those that appear on

---

[2] SDCL § 20-11-1 through § 20-11-5 provide the basis of a libel action in South Dakota. SDCL § 20-11-3 provides: "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

Defendants' website. Therefore, the Defendant argues that the claim for libel must be dismissed because it is precluded by the First Amendment protections of free speech.[3]

## DISCUSSION

In considering a Federal Rule 12(b)(6) motion to dismiss, the complaint is viewed in the light most favorable to the non-moving party. See Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (citing Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A motion to dismiss will be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974).

The United States Supreme Court has placed a high value on a person's First Amendment right to freedom of speech.[4]  In particular, freedom of speech concerning public questions is "a fundamental principle of our constitutional system." New York Times Co. v. Sullivan, 376 U.S. 254, 269 (1964) (quoting Stromberg v. California, 283 U.S. 359, 369 (1931)). The Court has stated that this "constitutional safeguard . . . 'was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people.'" Id. (quoting Roth v. United States, 354 U.S. 476, 484 (1957)). Therefore, even where speech is "not always with perfect good taste," it is protected by the First Amendment. Id. (quoting Bridges v. California, 314 U.S. 252, 270 (1941)). Consequently, there is a "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include

---

[3] The Defendants do not discuss the merits of Plaintiff's libel claim. Therefore, for purposes of this Motion to Dismiss, the Court shall construe the pleadings in the light most favorable to the Plaintiff as concerns the merits. But the Court shall consider whether this claim is precluded by the First Amendment, as made applicable to the States through the Fourteenth Amendment.

[4] "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. Amend. I.

vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials."
Id. at 270 (citations omitted).

Messages, website pages, videos and other materials available on the Internet are proper
subjects for First Amendment protection. See generally Reno v. ACLU, 521 U.S. 844 (1997). There
are, however, types of speech that do not enjoy First Amendment protection. See Hustler Magazine
v. Falwell, 485 U.S. 46, 51-52 (1988) (stating that although the First Amendment protects the
freedom of speech, "this does not mean that *any* speech about a public figure is immune from
sanction"); Sullivan, 376 U.S. at 279-280 (holding that the First Amendment protects libelous speech
about a public official unless that official "proves that the statement was made with actual malice").

By definition, libel is a false statement. SDCL § 20-11-3. In this case, the statement that
Abourezk is a traitor, at least as concerns the legal definition of traitor, is false. (Abourezk Aff., ¶3.)
Although false and defamatory remarks are speech that, in some forms, will lose their First
Amendment protection, the Supreme Court has refused to allow claims of libel to enjoy a "talismanic
immunity from constitutional limitations." Sullivan, 376 U.S. at 269. Therefore, claims of libel
"must be measured by standards that satisfy the First Amendment." Id.

The Supreme Court has "refused to recognize an exception [to First Amendment protections
of speech] for any test of truth" in defamation cases. Id. at 271 (citations omitted).

> A rule compelling the critic of official conduct to guarantee the truth of all his factual
> assertions – and to do so on pain of libel judgments virtually unlimited in amount –
> leads to . . .self-censorship. Under such a rule, would-be critics of official conduct
> may be deterred from voicing their criticism, even though it is believed to be true and
> even though it is in fact true, because of doubt whether it can be proved in court or
> fear of the expense of having to do so.

Philadelphia Newspapers, Inc. v. Hepps, 475 U.S. 767, 772-773 (1986) (quoting Sullivan, 376 U.S.
at 279). Because of these concerns, the Supreme Court established some First Amendment
protections for false statements. Therefore, in Sullivan, the Court set forth a level of First
Amendment protection for false statements about public officials. 376 U.S. at 279-280. The Court

held that the Constitution "prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with actual malice – that is, with knowledge that it was false or with reckless disregard of whether it was false or not." Sullivan, 376 U.S. at 279-280.

There are two inquiries that set the standards for determining liability in a defamation action. See Hepps, 475 U.S. at 775. First, is whether the plaintiff is a public official, public figure, or private figure. Id. Second, is whether the speech at issue is of public concern. Sullivan provides that speech of public concern about a public official is protected by the First Amendment unless it is proved the speech was made with actual malice. See 376 U.S. at 279-280. The standard set forth in Sullivan applies not only to public officials, but also to public figures. See Curtis Publishing Co. v. Butts, 388 U.S. 130, 155 (1967). The Court applies a different standard when the plaintiff is a private figure, however. See Gertz v. Robert Welch, Inc., 418 U.S. 323, 345-347 (1974). In cases where the plaintiff is a private figure and the speech is not of public concern, "the States may define for themselves the appropriate standard of liability" for defamation actions. Id. at 347; see also Hepps, 475 U.S. at 775. When a private figure brings a defamation suit resulting from speech addressing a matter of public concern, however, a plaintiff must meet the constitutional burden of demonstrating "falsity, as well as fault," to recover damages. Hepps, 475 U.S. at 776. In this case, it obviously is too early to decide whether the speech is of public concern because neither party makes arguments concerning what does or does not constitute speech addressing a matter of public concern.

It is also too early to decide whether Abourezk is a public figure. The Supreme Court gives some guidance indicating when a person is a considered a public figure versus a private figure. In the cases, the focus is on the activity of the plaintiff. See Curtis Publishing, 388 U.S. at 154. When a plaintiff engages in "purposeful activity amounting to a thrusting of his personality into the 'vortex' of an important public controversy," the person is considered a public figure. Id. at 155 (quoting Whitney v. California, 274 U.S. 357, 377 (1927)). Furthermore, a public figure is one who is "intimately involved in the resolution of important public questions or, by reason of their fame,

shape events in areas of concern to society at large." <u>Gertz</u>, 418 U.S. at 337 (quoting <u>Curtis Publishing</u>, 388 U.S. at 164). In contrast, a private figure "has not accepted public office or assumed an 'influential role in ordering society.'" <u>Gertz</u>, 418 U.S. at 345 (quoting <u>Curtis Publishing</u>, 388 U.S. at 164).

In the instant case, Defendants have presented evidence concerning whether Abourezk is a public figure or a private figure. (<u>See</u> Marino Aff., Ex. D, E, F, G, H and I.)  Defendants have demonstrated that Abourezk has written articles protesting the Bush Administration's military policies and decisions concerning the war in Iraq.  (<u>See</u> Marino Aff., Ex. F, G, H and I.) Furthermore, Defendants have demonstrated that Abourezk is a contact person for the Bipartisan Group of Former U.S. Senators which has publicly opposed the Bush Administration's decision to invade Iraq. (<u>See</u> Marino Aff., Ex. E.)  Defendants have shown that Abourezk signed the "Not in Our Name Statement of Conscience" which criticized the Bush Administration's military aggressions and was published in three widely-read United States newspapers.  (<u>See</u> Marino Aff., Ex. D.)  His voluntary activities seemingly amount "to a thrusting of his personality into the vortex of an important public controversy." <u>Curtis Publishing</u>, 388 U.S. at 155 (citations omitted).  Without even considering Abourezk's previous term as a United States Senator, the books he has authored, or the speeches he has given, the above activities give a strong indication that Abourezk is a public figure for purposes of this libel action.  However, Abourezk has presented no evidence concerning the issue, and has stated that he does not concede the issue at this early stage of the proceedings. (<u>See</u> Plaintiff's Response, n.8.)  The Court cannot resolve this issue on a Rule 12(b)(6) motion to dismiss.

A motion to dismiss a complaint requires the Court to determine whether a claim as alleged, without regard to the strength of the allegations or the weight of the evidence, and assuming as true all facts pleaded, states a claim for which relief can be granted.  The Court finds that at this preliminary stage in the proceedings, in which no answer has been filed or discovery conducted, this Court cannot say that Abourezk can prove no set of facts which will sustain his libel claim.  This

ruling is without prejudice to a reconsideration of the Defendants' arguments at a later stage in this litigation. Accordingly,

IT IS ORDERED:

1.   That Defendants' Motion to Dismiss, Doc. 3, is denied.

2.   That the Motion for Leave to File a Brief Amicus Curiae, Doc. 7, is granted.

Dated this 14ᵗʰ day of March, 2004.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)        DEPUTY