UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES G. ABOUREZK,<br><br>               Plaintiff,<br><br>vs.<br><br>PROBUSH.COM., INC., a Pennsylvania Corporation,<br><br>               Defendant. | Civ. 03-4146<br><br><br>**REPORT OF PARTIES PLANNING MEETING PURSUANT TO RULE 26 (F)** |

**A.**    **Date and Place of the Meeting and Identification of the Parties, and their Attorneys**

    1.    The date and place at which the meeting was held.

        **Pursuant to Fed. R.Civ.P. 26(f), a meeting was held on July 21, 2004 at the law firm of Johnson, Heidepriem, Miner, Marlow & Janklow between Ronald A. Parsons, Jr., and Todd D. Epp.**

    2.    Name and address of the attorney or attorneys who represented each party at the meeting:

        **a.**    **James G. Abourezk, Plaintiff**

            **Todd D. Epp**
            **Abourezk & Epp Law Offices**
            **PO Box 1164**
            **Sioux Falls, SD 57101-1164**
            **605-334-8402**

            **Counsel for Plaintiff**

    **b.**  **ProBush.com., Inc., Defendant**

            **Ronald A. Parsons, Jr.**
            **Johnson, Heidepriem, Miner, Marlow & Janklow**
            **PO Box 1107**
            **Sioux Falls, SD 57101-1107**
            **605-338-4304**

            **Counsel for Defendant**

3.     Name of insurance carriers and amount of liability coverage available:

**None**

**B.     Description of the Case**

4.     A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.

a.     Plaintiff's Description of the Case.

**In the late winter/early spring of 2003, the Plaintiff discovered that the Defendant's website, probush.com, named him and a number of other prominent Americans as a "traitor" for failing to support President George W. Bush's call for a preemptive war against Iraq.  The Plaintiff's name and photo were included in a "traitor's list" found on the website.  At the initial viewing of probush.com, Plaintiff did not see any notices that the site was a "parody."   The Plaintiff retained counsel.   Counsel requested that the Defendant apologize for listing the Plaintiff as a traitor and remove him from the list.  The Defendant refused.  The Plaintiff believes that the Defendant has defamed him by impugning his patriotism and loyalty as an American and accused him of the crime of treason under both South Dakota and federal law.**

b.     Defendant's Description of the Case.

**The Plaintiff has brought a claim for defamation arising out of the inclusion of his name on a satirical "Traitor List" among a group of other politicians, celebrities, and public figures on Defendant's political website, which is dedicated to promoting President Bush and criticizing his critics through various methods, including attempted humor.   The Defendant contends that this political criticism of the Plaintiff is completely protected by the First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, as well as the equivalent or greater protections for free expression contained in the South Dakota Constitution.  Defendant contends that its website is pure political speech in the form of a vigorous epithet, rhetorical hyperbole or parody that is not defamatory under the law, which in context cannot reasonably be interpreted as stating actual, verifiable facts about the Plaintiff, and is in a constitutional sense incapable of being proved true or false for purposes of establishing a defamation claim.  Defendant further contends that the Plaintiff is a public figure, that the speech in question, while being vehement, caustic and even unpleasantly sharp, involves matters of public concern, and that the content of its website was not the product of any malice against the Plaintiff, as**

**defined by First Amendment jurisprudence.  Defendant further disputes the existence, nature and extent of any damages claimed by Plaintiff.**

5.   A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as statutory references number.

**Jurisdiction is based on diversity of citizenship of the parties under 28 USC § 1332.  The Plaintiff has demanded over $75,000 in damages.**

6.   A brief statement of the material issues to be resolved.

- **Is the Defendant's accusation of calling the Plaintiff a "traitor" on its website defamation under state or federal law?**
- **If so, is such defamation, defamation *per se*?**
- **Is the Plaintiff a public figure?**
- **Is the Plaintiff's claim against the Defendant precluded by the First Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment, and/or the freedom of expression guarantees of the South Dakota Constitution?**
- **The existence, nature, and/or extent of Plaintiff's damages**

## C.   Pleadings

7.   A statement of whether all pleadings have been filed, and description of any amendments to the pleadings the party proposes to make including the identification of any new parties to be added (if none so state);

**Yes, all pleadings have been filed up to this point.  The Plaintiff plans to amend his complaint and add two additional Plaintiffs:  Roxanne Dunbar-Ortiz and Jane Fonda; also, the Plaintiff plans to add two additional Defendants: Michael Marino and Ben Marino, owners and publishers of the probush.com website and domain name.**

8.   The date by which all motions which seek to amend the pleadings or add parties will be filed.

**September 17, 2004**

9.   Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

**Yes, a jury trial is available and has been demanded.**

**D.**     **Discovery Plan**

10.     Date by which all prediscovery disclosures required by Rule 26(a)(1) will be completed:

Plaintiff's disclosures will be due on or before **September 3, 2004.**

Defendants' disclosures will be due on or before **September 3, 2004.**

11.     The number of interrogatories each side shall be permitted to serve:  **25**

12.     The number of depositions each side shall be permitted to take (excluding depositions of expert witnesses):  **6**

13.     The date by which all discovery (including expert discovery) shall be completed: **March 31, 2005.**

14.     A statement of how many, if any, expert witnesses each party anticipates calling at trial, and a brief (one or two words) description of the type of experts anticipated, e.g., medical doctor, economist, accident reconstructionist, accountant.

    **a.**     **The Plaintiff – defamation expert**

    **b.**     **The Defendant – defamation expert**

15.     The date by which each party shall disclose the identity of expert witnesses and disclose the reports required under Rule 26(a)(2).

    **Plaintiff – November 5, 2004**

    **Defendant – February 15, 2005**

16.     Whether the parties anticipate expert depositions:

    **Yes**

17.     The number of expert depositions each party shall be permitted to take:

    **One deposition of each expert.**

18.     The frequency with which discovery responses must be supplemented pursuant to Rule 26(a):

        **Not later than 30 days prior to trial.**

E.      **Dispositive Motions and Trial**

19.     Date by which all dispositive motions shall be filed and the hearing thereon completed.

        **May 1, 2005**

20.     Date by which the case will be ready to commence trial:

        **June 1, 2005**

21.     Estimated trial time including jury selection and instructions.

        **3 days**

22.     Do the parties agree that the jury trial as well as all other proceedings subsequent to the return of the Rule 35 Report be conducted by Magistrate Judge John E. Simko?

        **No**

F.      **Settlement**

23.     The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting.  If the case does not settle, the parties should be fully prepared to advise the court about the status of settlement discussions.

24.     Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting.  Defendant shall respond in writing to this demand as soon as possible.

25.     If the Plaintiff is unable to make a settlement demand, Plaintiff shall be fully prepared:

        **N/A**

26.     To explain the inability;

        **N/A**

27.     To advise the Court what is needed to evaluate settlement; and

        **N/A**

28.     To advise the Court of the earliest date the parties can realistically evaluate settlement.

        **N/A**

29.     What reason or reasons are there that this case cannot be settled in the early stages of litigation?

        **Parties see the issues differently, discovery is required.**

30.     Would an early settlement conference before Judge Simko be of assistance in reaching an early settlement?  If not, why not?

        **Not at this time.**

Dated this 11th day of August, 2004.

                    JOHNSON, HEIDEPRIEM, MINER,
                    MARLOW & JANKLOW, LLP


                    **/s/ Ronald A. Parsons, Jr.**
                    Ronald A. Parsons, Jr.
                    431 North Phillips Avenue, Suite 400
                    P.O. Box 1107
                    Sioux Falls, SD 57101-1107
                    (605) 338-4304

                    *Attorneys for Defendant*

Dated this 11th day of August, 2004.

                    ABOUREZK & EPP LAW OFFICES


                    **/s/ Todd D. Epp**
                    Todd D. Epp
                    PO Box 1164
                    Sioux Falls, SD 57101-1164
                    (605) 334-8402

                    *Attorneys for Plaintiff*