UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES G. ABOUREZK,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>PROBUSH.COM., INC., a Pennsylvania Corporation,<br><br>　　　　　　　Defendant. | Civ. 03-4146<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO AMEND VERIFIED COMPLAINT AND ADD PARTIES** |

　　　　COMES NOW Plaintiff James G. Abourezk, by and through one of his attorneys, with his memorandum in support motion of his motion to amend verified complaint and add parties.

## I.　　　BACKGROUND/HISTORY OF CASE

　　　　The Defendant and proposed Defendants, Ben and Michael Marino, operate a website called Probush.com. In 2003, the website contained a "traitor's list," which included the name and picture of Plaintiff Abourezk, and proposed Plaintiffs Jane Fonda and Roxanne Dunbar-Ortiz. The Plaintiff filed this action. The Defendant filed a motion to dismiss. The Court ruled in favor of the Plaintiff. The Defendant answered the Verified Complaint. The Court then issued a Scheduling Order. The Plaintiff was not able to effect service on Defendant Michael Marino, and the parties filed a stipulation dismissing Michael Marino without prejudice.

## II.　　　ADDITIONAL PROPOSED PARTIES

The Plaintiff moves to add the following individuals to the litigation and notes the proposed party's involvement with the events leading to this litigation.

### A.   Plaintiff Jane Fonda.

Jane Fonda is an actress and community activist.  She is a resident of Georgia.  Her photo and name were listed on probush.com on the "traitor's list."

### B.   Plaintiff Roxanne Dunbar-Ortiz

Roxanne Dunbar-Ortiz is a professor and author.  She is a resident of California.  Her photo and name were listed on probush.com on the "traitor's list."

### C.   Defendant Ben Marino

Ben Marino is Michael Marino's brother.  On information and belief, the Plaintiff believes Ben is one of the owners of probush.com and one of the authors of the "traitor's list."

### D.   Defendant Michael Marino

On information and belief, the Plaintiff believes Michael is one of the owners of probush.com and one of the authors of the "traitor's list."

## III.   LEGAL ARGUMENT

### A.   Amendment is Proper Under Rule 15(a)

Federal Rule of Civil Procedure 15(a) provides, in part:

> . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In the instant case, all of the proposed parties have direct connections to the underlying litigation: proposed Plaintiffs Fonda and Dunbar-Ortiz believe they were defamed. They were defamed on the same "traitors list" on the same website as Plaintiff Abourezk was.

Proposed Defendants Michael and Ben Marino are the owners and authors of the website. Their actions and words are at the heart of the Plaintiffs' allegations. *See* First Proposed Amended Complaint. The addition of the proposed Plaintiffs or Defendants would not destroy diversity under 28 U.S.C. § 1332.

As one commentator notes regarding amendment of pleadings under Rule 15(a)

> . . . Rule 15(a) directs the court to grant leave to amend. "when justice so requires," and in practice the burden is usually on the party opposing the amendment to demonstrate why the amendment should not be permitted. Moreover, at least some courts hold that where a complaint's deficiency could be cured by an amendment, leave to amend must be given. . . .

*See* Baicker-McKee, Janssen, & Corr, <u>A Student's Guide to the Federal Rules of Civil Procedure</u> (5th Ed.), p. 336 (2002). *See also* <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.</u>, 195 F.3d 765, 770 (5th Cir. 1999) (The rule "evinces a bias in favor of granting leave to amend.")

Further, the "earlier amendment is made, the less likely it is to disrupt judicial administration or prejudice opposing parties." *See* Shreve and Raven-Hansen, <u>Understanding Civil Procedure</u>, (2d Ed.), §53, p. 228 (1994). Here, the Plaintiff has moved within the deadline of the Scheduling Order—September 17, 2004. The current parties have been on notice of possible amendment. Counsel for the parties have discussed the distinct possibility of amendment. As noted above, the parties are all related to the events leading to the underlying litigation. The litigation is still in the early stages. No discovery has occurred yet.

Thus, it appears allowing amendment of the Verified Complaint is timely and should not come as a surprise to the Defendant or the proposed Defendants.

**B.      Joinder of the Additional Proposed Parties is Proper Under Rule 20(a)**

Federal Rule of Civil Procedure 20(a) provides, in part:

3

> **(a) Permissive Joinder.**  All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. . . .

As noted above, the Plaintiff and proposed Plaintiffs were all named to a "traitor's list" by the Defendant and proposed Defendants.  *See* Proposed First Amended Verified Complaint.  This would appear to meet the "same transaction, occurrence, or series of transactions" test.

Further, the same or similar legal issues will arise.  Is the Plaintiff and the proposed Plaintiffs public figures?  Was the "traitors list" opinion?  Is the "traitors list" protected speech?  Was the Plaintiff and the proposed Plaintiff defamed?  Counsel believes much of the evidence that would be used for Plaintiff Abourezk's case against Defendant Probush.com would also be used by the proposed Plaintiffs against the proposed Defendants.  The reverse is also likely true for the Defendant and the proposed Plaintiffs.

Moreover, the Defendant's website that the Plaintiff viewed in South Dakota also contained the proposed Plaintiffs' photos and names, so there is also a nexus in geography, albeit via the Internet.  Nonetheless, South Dakotans could have also viewed the defamatory material about the proposed Plaintiffs in South Dakota.

As Baicker-McKee *et al* note at p. 386, ". . . this requirement (same transaction or occurrence test) is satisfied if there is a substantial logical relationship between the transactions or occurrences at issue.  *See also* <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330, 1333 (8th Cir. 1974) (". . . all reasonably related claims for relief by or against different parties (should) be tried

4

in a single proceeding.")  Shreve and Raven-Hansen note at §59, p. 246 that ". . . claims supporting party joinder must (1) arise from the same transaction or occurrence and (2) have in common a question of law or fact."  The Plaintiff believes he has clearly met those two prongs, as noted, *supra.*

Allowing amendment of the Verified Complaint and adding the parties will also promote judicial economy.  As Wright and Miller note, the logic behind Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."  <u>Wright and Miller</u> § 1652, *as quoted in* Shreve and Raven-Hansen, §59, p. 246.

### IV.     CONCLUSION

For the reasons stated above, the Plaintiff believes that the motion to add parties and amend the Verified Complaint is timely, proper, and furthers the ends of justice and judicial economy.

Dated this 16th Day of September, 2004.

Respectfully submitted,

<u>/s/ Todd D. Epp</u>
Todd D. Epp
Abourezk & Epp Law Offices
PO Box 1164
Sioux Falls, SD 57101-1164
605-334-8402

*One of the Attorneys for Plaintiff James G. Abourezk*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 16th day of September 2004, a true and correct copy of the above noted pleading and exhibit was transmitted to the District of South Dakota CM/ECF system for filing and notification of counsel so registered with the Court's electronic filing system.

In addition, on September 17, 2004, this pleading was served via US Mail, prepaid to the following:

| | |
|---|---|
| Charlie Abourezk<br>Abourezk Law Offices, P.C.<br>PO Box 9460<br>Rapid City, SD  57709<br><br>Attorney for Plaintiff | Michael Abourezk<br>Abourezk Law Offices, P.C.<br>PO Box 9460<br>Rapid City, SD  57709<br><br>Attorney for Plaintiff |
| Ronald A. Parsons, Jr.<br>Johnson, Heidepriem, Miner, Marlow & Janklow<br>PO Box 1107<br>Sioux Falls, SD 57101-1107<br><br>Attorney for Defendant | |

**/s/ Todd D. Epp**