UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JAMES G. ABOUREZK, ) | |
| ) | Civ. No. 03-4146 |
| Plaintiff, ) | |
| ) | **DEFENDANT PROBUSH.COM, INC.'S** |
| vs. ) | **BRIEF IN OPPOSITION TO** |
| ) | **PLAINTIFF'S MOTION TO AMEND** |
| PROBUSH.COM, INC., a Pennsylvania ) | **VERIFIED COMPLAINT AND ADD** |
| corporation, ) | **PARTIES** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, James G. Abourezk, has filed a motion to amend his Verified Complaint and add parties to this litigation pursuant to the Scheduling Order issued in this case and Federal Rules of Civil Procedure 15 and 20. The Defendant hereby respectfully submits its brief in opposition to Plaintiff's motion.

## BACKGROUND

This action stems from a defamation action based on diversity jurisdiction filed by the Plaintiff on May 27, 2003, against the Defendant, Probush.com, Inc. Plaintiff asserted in its Verified Complaint that this Honorable Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of the state of South Dakota while Defendant is a resident of the state of Pennsylvania. The Plaintiff requests damages in excess of $75,000. Plaintiff further contends that personal jurisdiction over the Defendant is proper in South Dakota.

In his Verified Complaint, Plaintiff alleged that he was defamed by the Defendant's website which contained a picture of Plaintiff and stated he was a traitor. Plaintiff contends that

Defendant's statement about the Plaintiff was libelous under SDCL § 20-11-3. In its original Verified Complaint, Plaintiff sought to name both Probush.com and Michael Marino as Defendants in this action. Plaintiff was not able to effect service on Michael Marino and the parties filed a stipulation dismissing him from this action. Plaintiff now seeks to join Jane Fonda and Roxanne Dunbar-Ortiz as Plaintiffs to this action and Ben Marino and Michael Marino as Defendants to this action.

## STANDARD OF REVIEW

Although it is well settled that pursuant to Federal Rule of Civil Procedure 15(a) leave to amend should be freely given when justice so requires, "permission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief, or if she is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." *Doe ex rel. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 615-16 (8th Cir. 2003) (citations omitted). The granting of leave to amend a complaint is within the discretion of the district court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.* 401 U.S. 321, 330 (1971).

## ARGUMENT

**I.    The amendment of Plaintiff's Verified Complaint to add the proposed Plaintiffs should be denied.**

In order for Plaintiff to join Jane Fonda and Roxanne Dunbar-Ortiz as Plaintiffs to this litigation, their claims must (1) arise from the same transaction or occurrence and (2) raise at least one common question of law or fact. Fed.R.Civ.P. 20(a); *see also Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). " In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case

approach is generally pursued." *Id.* (citing 7 C. Wright, *Federal Practice and Procedure* § 1653 at 270 (1972)).  The *Mosley* court continued:

> No hard and fast rules have been established under the rule. However, construction of the terms 'transaction or occurrence' as used in the context of Rule 13(a) counterclaims offers some guide to the application of this test. For the purposes of the latter rule, 'Transaction' is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

*Id.* (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926)).  "All 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence."  *Mosley*, 497 F.2d at 1333 (citing 7 C. Wright, *Federal Practice and Procedure* § 1653 at 270 (1972)).

   Plaintiff fails to satisfy the requisite two prongs of Fed.R.Civ.P. 20(a) to justify allowing the joinder of the proposed plaintiffs in this action.  Plaintiff contends that Jane Fonda is an actress and community activist and is a resident of Georgia.  Plaintiffs have failed to show Jane Fonda's connection to the state of South Dakota.  Although her name and photo were listed on the probush.com "traitor's list," this is not enough reason to join her to this action and fails to meet the "same transaction, occurrence, or series of transactions" test.

   Additionally, Roxanne Dunbar-Ortiz, whom plaintiff contends is a professor and author and a resident of California also has no connection to this lawsuit and should not be joined as a plaintiff.  Plaintiffs have failed to show her connection to the state of South Dakota.  Again, simply because her name and photo were listed on the probush.com "traitor's list," this is not enough of a reason to join her as a plaintiff to this action and does not meet the "same transaction, occurrence, or series of transactions" test.  This is not a case where "justice so

requires" the joinder of these parties to this action.

Moreover, Plaintiff fails to meet the second prong of Fed.R.Civ.P. 20(a) by failing to show that the proposed plaintiffs' action and the Plaintiff Abourezk's action involve common questions of law or fact.  The Plaintiff and the proposed plaintiffs all live in different states and have different occupations.  Plaintiff has not produced any evidence that these actions would all involve common questions of fact or law.  Plaintiff has failed to meet the two prongs that must be satisfied before joinder is proper.  Accordingly, his motion to add the proposed plaintiffs should be denied.

**II.     Amendment of Plaintiff's Verified Complaint to add the named Defendants to this action is also improper as this court lacks personal jurisdiction over them.**

In order for a court to hear a case, it must have proper personal jurisdiction over the parties.  Pursuant to the test established in *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945), the Defendant must have "such minimum contacts with the forum so that exercise of jurisdiction does not offend the traditional notions of fair play and substantial justice."  Thus, personal jurisdiction must satisfy constitutional requirements of due process by according with the traditional notions of fair play and substantial justice.  *Id.*  When personal jurisdiction is challenged, the plaintiff bears the burden of demonstrating that jurisdiction is proper.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

The Plaintiffs have failed to prove that the proposed Defendants have purposefully availed themselves of this Court's jurisdiction and have sufficient minimum contacts with South Dakota.  Plaintiffs have further failed to show that it would be fair to the Defendants to add them as parties to this litigation.  Ben Marino and Michael Marino do not have any ties to the state of

South Dakota and this forum would be inconvenient for them. Furthermore, neither Ben Marino nor Michael Marino could reasonably foresee being haled into court in South Dakota and their actions, if any, were not targeted toward South Dakota. *See Hicklin Engineering, Inc. v. Aidco, Inc.*, 959 F.2d 738 (8th Cir. 1992) (holding that company which had made only two sales in Iowa in four years was not subject to long-arm jurisdiction in Iowa).

In defamation cases, a popular approach taken by courts to analyze online jurisdiction is to employ an effects test which determines whether the "forum state 'is the focal point of the [defamatory] story and the harm suffered.'" Jonathan D. Hart, et al., *Cyberspace Liability*, in Libel & Newsgathering Litigation-Getting & Reporting The News 1998, at 145 (PLI Patents, Copyrights, Trademarks, and Literary Property Course Handbook Series No. 523, 1998) (quoting *Calder*, 465 U.S. at 788). The Court in *Hicklin* used the effects test and distinguished the United States Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984) in its holding that personal jurisdiction was lacking. *Calder* involved a woman who sued the Calder and others in California for libel stemming from an article appearing in the tabloid National Enquirer. 465 U.S. 783. Calder was a resident of Florida and had only been to California twice, both times on unrelated matters. "The *Calder* court, approving of the effects test used by the lower court, held that personal jurisdiction in California existed even though the article had been written and edited in Florida and Calder's visits to California were unrelated to the suit." *Hicklin*, 959 F.2d at 739. The *Calder* court held this way since there were more than mere effects in the case. *Hicklin*, 959 F.2d at 739. Specifically, "[t]he court [also] found that Calder intentionally aimed his tortious action at California and could, therefore, 'reasonably anticipate[d] being haled into court there.'" *Id.* (quoting *Calder*, 465 U.S. 783). "[V]irtually every jurisdiction has held that

the *Calder* effects test requires intentional conduct expressly aimed at or targeting the forum state in addition to the defendant's knowledge that his intentional conduct would cause harm in the forum state." *Pavlovich v. Superior Court of Santa Clara County*, 58 P.3d 2, 8 & n.1 (Cal. 2002).

Plaintiff has no evidence in this case that Ben and Michael Marino intentionally aimed their conduct, if any conduct can be proven, at South Dakota and has failed to meet the effects test which is followed by many courts.  Accordingly, this Court lacks personal jurisdiction over the proposed defendants in this libel action.  *See Young v. New Haven Advocate*, 315 F.3d 256, 262-64 (4th Cir. 2002) (facts did not support jurisdiction in libel case); *Revell v. Lidov*, ___ F.3d ___, 2002 WL 31890992 at *4-6 (5th Cir. Dec. 31, 2002) (same); *Reynolds v. Manfredy*, 23 F.3d 1110, 1119-20 (6th Cir. 1994) (same), *reh'g denied, cert. denied*, 513 U.S. 962 (1994); *Oasis v. Judd*, 132 F.Supp.2d 612, 623-24 (S.D. Ohio 2001) (same); *Lofton v. Turbine Design, Inc.*, 100 F.Supp.2d 404, 411 (N.D. Miss. 2000) (same); *Bailey v. Turbine Design, Inc.*, 86 F.Supp.2d 790, 796-97 (W.D. Tenn. 2000) (same); *Barrett v. Catacombs Press*, 44 F.Supp.2d 717, 729-31 (E.D. Pa. 1999) (same).

Plaintiff asserts that Ben and Michael Marino must be added as Defendants to this action since they are allegedly owner's of probush.com and authors of the "traitor's list."  Even if Defendant can prove that Ben and Michael Marino are owners of probush.com and were also authors of the "traitor's list," joining them as Defendants to this action is improper as they cannot be held personally liable since they were acting in their official capacity when they wrote the "traitor's list" and were not acting in their own personal interest.  *See James v. HRP, Inc.*, 852 F.Supp. 620 (W.D. Mich. 1994).  The court in *James* addressed a libel action in which the

defendant had issued a memorandum at work, allegedly under his capacity as the President of HRP. *Id.* at 627. The defendant in *James* argued that he made the statement solely on behalf of the corporation and as part of his duties as the president of the corporation. *Id.* The *James* court held that the case was essentially against the corporation and not against the President (defendant) who was clearly acting as an officer of the corporation. *Id.* Similarly, the proposed Defendants cannot be added to this action since if Plaintiff proves they, in fact, own probush.com and/or were authors of the "traitor's list," Ben and Michael Marino can still argue that they were acting in their official capacity and, as such, this court lacks jurisdiction over them.

## CONCLUSION

WHEREFORE, Defendant ProBush.com, Inc. respectfully requests that this Honorable Court deny the Plaintiff's Motion to Amend Verified Complaint and Add Parties.

Dated this 6th day of October, 2004.

**JOHNSON, HEIDEPRIEM, MINER,
MARLOW & JANKLOW, L.L.P.**

BY **/S/ RONALD A. PARSONS, JR.**
    Ronald A. Parsons, Jr.
    Kimberly J. Lanham
    P.O. Box 1107
    Sioux Falls, SD 57101-1107
    (605) 338-4304

    *Attorneys for Defendant ProBush.com, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of **Defendant's Brief in Opposition to Plaintiff's Motion to Amend Verified Complaint and Add Parties** was served electronically on:

    Todd D. Epp
    ABOUREZK LAW OFFICES, P.C.
    P.O. Box 1164
    Sioux Falls, SD 57101-1164

    *Attorneys for the Plaintiff*

on this 6th day of October, 2004.

    /S/ Ronald A. Parsons, Jr.
    Ronald A. Parsons, Jr.